UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TIMOTHY RAY ADKINS, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 5: 24-298-DCR |
| V. | ) ) ) | |
| WARDEN DAVID PAUL, | ) ) ) | **MEMORANDUM ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner/Inmate Timothy Ray Adkins is presently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Adkins has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] Following the filing, the Court conducts an initial screening of habeas petitions pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Askins petition will be denied because it is apparent that he has failed to fully exhaust his administrative remedies.

Adkins contends that the respondent has misclassified him with respect to security level, which negatively affects his housing, living environment, and release date. However, before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the Bureau of Prisons ("BOP"). *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-32 (6th Cir. 2006). *See also Leslie v. United States*,

89 F. App'x 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, he must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If he is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

Adkins has submitted documentation indicating that he attempted informal resolution on July 30, 2024, which was returned the following day as "not accomplished". [Record No. 1-2, pp. 3] Adkins then filed a BP-9 request for administrative remedy on August 18, 2024, which was denied on September 11, 2024. *Id.* at pp. 2, 17. Adkins was advised in that denial that he could appeal to the Regional Director in the Mid-Atlantic Regional Office within 20 days if he was not satisfied with the decision. *Id.* at p. 17. However, Adkins did not pursue further administrative relief at that point.

Adkins concedes that he did not fully exhaust his administrative remedies but argues that he should not be required to because doing so would be futile. Specifically, he asserts that "the same response has been given at every institutional level thus far." [Record No. 1-1, p.

4] But exhausting administrative remedies under such circumstances is deemed futile only when there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue *together with* an unwillingness to reconsider." *Colton v. Ashcroft*, 299 F.Supp.2d 681, 690 (E.D. Ky. 2004) (quoting *James v. United States Dept' of Health & Human Servs.*, 824 F.2d 1132, 1139 (D.C. Cir. 1987) (emphasis added). Adkins' own perception that filing an administrative grievance would be "futile" does not excuse his failure to fully exhaust his administrative remedies prior to filing suit.

While exhaustion of administrative remedies is an affirmative defense that a prisoner is "not required to specially plead or demonstrate" in his complaint, *Jones v. Bock*, 549 U.S 199, 216 (2007), "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (order). And because it is evident from Adkins' § 2241 petition that it was filed before he exhausted his available administrative remedies with respect to his claim, his petition will be denied without prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1.  Adkins' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**, without prejudice.

2.  This action is **DISMISSED** and **STRICKEN** from the docket.

- 4 -

Dated: October 22, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky